[Cite as *O'Brien v. O'Brien*, 2012-Ohio-5185.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98336**

---

## DARBY B. O'BRIEN

PLAINTIFF-APPELLANT

vs.

## ANTHONY A. O'BRIEN

DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-291463

**BEFORE:** Stewart, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANT**

Madelon Sprague
20600 Chagrin Boulevard, No. 1111
Shaker Heights, OH    44122


**ATTORNEY FOR APPELLEE**

Edward W. Rausch
Edward W. Rausch & Associates
6300 Rockside Road, Suite 204
Cleveland, OH    44131


**GUARDIAN AD LITEM**

Pamela L. Gorski
19111 Detroit Road, Suite 205
Rocky River, OH    44116

MELODY J. STEWART, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs and oral arguments of counsel.

{¶2} Appellant Darby O'Brien (n.k.a. Schwartz), appeals from two separate orders entered by the domestic relations division relating to the modification of parenting time granted to her former husband, appellee Anthony O'Brien.

{¶3} The divorce decree established a shared parenting plan for the parties' three children. In October 2011, Anthony filed a motion to modify the shared parenting plan as it related to the oldest child. The child is considered a prospect for college lacrosse, so Anthony sought permission to have the child attend a boarding high school where the child might better develop his talent. Darby opposed the motion on several grounds, primarily arguing that the child's school transfer would force him to repeat a grade and that Anthony's representations that he would assume the entire cost of the $40,000 tuition were dubious given his prior bankruptcy filings and alleged failure to pay Darby her share of the marital assets from the 2007 divorce decree.

{¶4} On March 19, 2012, a magistrate amended the parties' parenting time to issue an "interim" order that gave Anthony parenting time every Tuesday and Thursday, "following school until 5:30 P.M." for the purpose of tutoring the child in three different

school subjects. The magistrate noted that the interim order would "remain in place until further order of Court."

{¶5} On March 22, 2012, the court noted that Anthony voluntarily dismissed his October 2011 motion to modify the shared parenting plan without prejudice, but it specifically stated in the same order that the magistrate's interim order regarding the child's tutoring "shall remain in place until further order of Court."

{¶6} On April 2, 2012, Darby filed a motion to "set aside" that portion of the March 19, 2012 magistrate's order that stated that the interim order relating to the child's tutoring would remain in place until further order of the court. On April 9, 2012, the court denied Darby's motion to set aside the magistrate's order. Darby filed her notice of appeal on May 9, 2012, listing both the magistrate's March 19, 2012 order and the April 9, 2012 order denying the motion to set aside the magistrate's order.

{¶7} We first address Darby's argument that the magistrate lacked jurisdiction to issue an interim order that modified the shared parenting plan because Anthony dismissed his motion to modify custody prior to the magistrate issuing the interim order. The flaw with this argument is that, regardless of what Anthony might have represented before the magistrate issued her decision, the dismissal of the motion to modify the shared parenting plan was not effective until he actually dismissed the motion. Civ.R. 41(A)(1) requires the "filing" of a notice of dismissal, so the rule does not allow a party to orally dismiss claims. *Mellino v. Charles Kampinski Co., L.P.A.*, 8th Dist. No. 85090,

2005-Ohio-2000, ¶ 3. The motion was dismissed on March 22, 2012, as memorialized by the court order that had been approved by Anthony's attorney.

**{¶8}** With the magistrate having jurisdiction to issue an order on Anthony's motion to modify the shared parenting plan, Darby had the obligation to make a timely motion to set aside the magistrate's order. Civ.R. 53(D)(2)(b) states: "Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed." The magistrate filed the order on March 19, 2012, but Darby did not file her motion to set aside the magistrate's order until April 2, 2012 — 14 days after the magistrate's order had been issued. The motion to set aside the magistrate's order was untimely and precludes Darby from arguing on appeal that the court erred by refusing to set aside the magistrate's order. *Hayne v. Hayne*, 9th Dist. No. 07CA0100-M, 2008-Ohio-4296, ¶ 36.

**{¶9}** Nevertheless, it is unclear to us whether the interim order remains in effect. The interim order stated that the additional parenting time granted to Anthony was for the purpose of tutoring the child in "Biology, Spanish and Geometry." Although the order was of indefinite duration, the specificity of the school subjects listed in the order is such that it appears the order should have expired once the 2011-2012 school term ended or the child no longer took those specific classes. If the child is no longer taking the specified classes, the basis for the interim order no longer exists and the interim order must be terminated. In the event additional tutoring is requested, we trust that the court

will consider that request de novo on the evidence. We therefore remand this case for the sole purpose of having the court determine the status of the interim order.

**{¶10}** Judgment affirmed and remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant his costs herein

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR