[Cite as *Ganaway v. Ganaway*, 2017-Ohio-1009.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| KARYN M. GANAWAY, | : | |
| | | CASE NO. CA2016-05-039 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/20/2017 |
| - vs - | : | |
| | : | |
| MICHAEL D. GANAWAY, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 01DR25721


Andrea N. Hicks, 224 Reading Road, Mason, Ohio 45040, for plaintiff-appellee

Engel & Martin, LLC, Mary K. Martin, 5181 Natorp Boulevard, Mason, Ohio 45040, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Michael Ganaway ("Father"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failing to pay one-half of his daughter's college-related expenses in accordance with the terms of a joint shared parenting plan.

{¶ 2} The parties are the parents of two daughters, Meghan born in 1996, and

Allyson born in 1998. The parties were divorced in 2001; parental rights and responsibilities were allocated pursuant to a joint shared parenting plan incorporated into the divorce decree. On November 3, 2003, with consent of the parties, the trial court modified the joint shared parenting plan as follows:

> The parties further agree to equally divide the college expenses for both children, such expenses to include tuition, books, room and board, and transportation expense, through an undergraduate degree, at any post high school institution.

{¶ 3} Twelve years later, Meghan enrolled as a freshman at the University of Alabama for the 2015-2016 school year. On July 27, 2015, Father moved for a declaratory judgment, seeking a judgment he was no longer required to pay one-half of Meghan's college expenses because of his filing for bankruptcy in 2011. Father argued his bankruptcy discharge extinguished his obligation to equally pay for the children's college expenses. The magistrate denied Father's motion, finding that his obligation to pay for college expenses was a support obligation and therefore not dischargeable in bankruptcy.

{¶ 4} On August 12, 2015, plaintiff-appellee, Karyn Ganaway ("Mother"), filed a motion for contempt against Father, alleging Father had not paid one-half of Meghan's college expenses as required by the 2003 amended joint shared parenting plan. In preparation for a hearing on her motion, and anticipating Father's inability-to-pay defense, Mother served Father's counsel with discovery requests. The requests for discovery were ignored. Mother's counsel sought to resolve the discovery dispute informally with Father's counsel. Despite several emails and telephone calls, discovery responses were not forthcoming.

{¶ 5} On January 11, 2016, Mother filed a motion to compel discovery. Following a telephone conference with the magistrate, Father provided partial responses to the discovery requests. However, Father did not provide all the requested documents, failed to answer all

of the interrogatories by responding several times with "n/a," did not include a verified signature page, and provided no explanation for his failure to comply with the discovery requests. Father's failures further included the failure to identify the persons he anticipated calling as witnesses at the hearing on Mother's contempt motion. Consequently, Mother filed a second motion to compel discovery, requesting that Father be barred from asserting any defense to her contempt motion and from introducing evidence in support of his inability-to-pay defense.

{¶ 6} On January 28, 2016, the magistrate issued a "Decision Regarding Discovery" (the "discovery ruling"). Finding Mother's proposed sanction to be a drastic remedy to Father's discovery noncompliance, the magistrate instead barred Father from introducing any documents not provided to Mother's counsel prior to January 25, 2016 (the date of Mother's second motion to compel), and from calling any witnesses. The magistrate also ordered Father to pay $1,724.97 for Mother's attorney fees. Father did not challenge the magistrate's discovery ruling. The trial court subsequently adopted the magistrate's ruling.

{¶ 7} A hearing on Mother's contempt motion was held in February 2016. Consistent with the magistrate's discovery ruling, Father was not allowed to call witnesses or present documents not identified in his discovery responses prior to January 25, 2016. Mother testified that Father owed $3,601.75 for his share of Meghan's freshman fall semester tuition and that he had not contributed at all to Meghan's freshman spring semester tuition. Father testified as to his annual income and monthly expenses, admitted he did not fully pay his one-half share of Meghan's freshman college expenses, and asserted he was financially unable to comply with the 2003 amended joint shared parenting plan.

{¶ 8} On March 1, 2016, the magistrate issued a decision finding Father in contempt. The magistrate found that Father failed to demonstrate he was unable to pay for Meghan's college expenses:

> Clearly Father has not even attempted to decrease his expenses in order to pay for college. Father voluntarily entered into the agreement to pay for college back in 2003 and has done little or nothing to prepare himself to execute his share of the college expenses. Knowing that he had executed the 2003 agreement, Father should have been saving all along for the college expenses.

The magistrate further found that while Meghan was a high school senior and preparing to attend college, Father chose instead to purchase two new Volkswagen vehicles and contributed over $7,000 to his 401K plan.

{¶ 9} The magistrate sentenced Father to ten days in jail. The magistrate further provided Father the opportunity to purge the contempt charge by (1) making a $5,000 lump sum payment to the University of Alabama toward Meghan's tuition bill before May 19, 2016, the date scheduled for the final sentencing and purge hearing, (2) paying Mother's previously ordered attorney fees of $1,727.94 prior to the sentencing and purge hearing, and (3) effective May 1, 2016, contributing $1,200 a month to the University of Alabama for Meghan's tuition until Father's one-half share of Meghan's college expenses is paid in full.[1]

{¶ 10} Father filed objections to the magistrate's decision both by and through his counsel and pro se. In response to the trial court's inquiry, Father indicated he wanted the trial court to proceed on his pro se objections only. On April 29, 2016, the trial court overruled Father's objections and adopted the magistrate's contempt decision. The trial court found that

> [t]here is nothing so dire about Father's situation that makes him patently unable to pay for his daughter's college expenses. * * * [I]t is Father who needs to adjust his cost of living in order to provide for his daughter's college expenses. There is nothing unreasonable about the expenses that Father owes. Father agreed to this obligation in a 2003 Entry. Father had many years to plan and save accordingly. Nothing in the record indicates that any substantial changes have occurred to significantly

---

1. We note that with regard to the amount of Mother's attorney fees, there is an unexplained $3 discrepancy between the magistrate's discovery ruling and her contempt decision.

impact Father's financial situation negatively.

{¶ 11} Father now appeals, raising four assignments of error. The second and third assignments of error will be addressed together.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED BY DENYING APPELLANT THE RIGHT TO CALL WITNESSES AND PRESENT EVIDENCE.

{¶ 14} Father challenges the magistrate's January 28, 2016 discovery ruling, arguing it improperly denied him the opportunity to call witnesses and present evidence of his inability to pay Meghan's college expenses at the contempt hearing.

{¶ 15} The parties disagree over the proper characterization of the magistrate's discovery ruling. Mother asserts that consistent with the caption of the ruling, namely "Magistrate's Decision Regarding Discovery," the discovery ruling was a magistrate's decision subject to Civ.R. 53(D)(3), and that because Father never filed objections to the decision, he is precluded from raising this issue on appeal pursuant to Civ.R. 53(D)(3)(b)(iv). By contrast, Father asserts the discovery ruling is a magistrate's order subject to Civ.R. 53(D)(2), "and thus, this is the proper time to appeal."

{¶ 16} Magistrates have the authority to "enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(a)(i). "Orders regulating discovery * * * clearly fall under the purview of this rule." *J&B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. Mahoning No. 09 MA 173, 2011-Ohio-3165, ¶ 30. *See also Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶25; Staff Notes to the 2006 Amendments to Civ.R. 53(D). Father is therefore correct that the magistrate's January 28, 2016 discovery ruling is a magistrate's order, notwithstanding the caption of the ruling.

{¶ 17} Civ.R. 53(D)(2)(b) provides in relevant part that "any party may file a motion

with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed." *See Spier v. Spier*, 7th Dist. Mahoning No. 05 MA 26, 2006-Ohio-1289 (a party unsatisfied with a magistrate's order may move to set the order aside). Ohio courts, including this court, have held that if a party does not move to set aside a magistrate's order, that party has waived a challenge to that order on appeal. *Miller*, 2011-Ohio-3165 at ¶ 32; *Crawford*, 2010-Ohio-952 at ¶ 25; *Laser v. Laser*, 6th Dist. Lucas No. L-12-1263, 2013-Ohio-3853, ¶ 9; *Nettle v. Nettle*, 9th Dist. Summit No. 25001, 2010-Ohio-4638, ¶ 13; and *In re A.S.*, 183 Ohio App.3d 697, 2009-Ohio-3932, ¶ 63 (12th Dist.).

{¶ 18} Here, Father failed to file a motion to set aside the magistrate's January 28, 2016 discovery ruling as required under Civ.R. 53(D)(2)(b), and his failure to do so results in a forfeiture of this issue on appeal. *See In re A.S.* Father's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT FAILED TO PROVE HIS INABILITY TO PAY.

{¶ 23} Father challenges the magistrate's March 1, 2016 decision finding him in contempt for failing to pay Meghan's college freshman year expenses. Specifically, in his second assignment of error, Father argues his due process rights were violated because the contempt hearing and the magistrate's decision both addressed Meghan's college expenses for her entire freshman year, rather than his unpaid share of the fall semester expenses. In his third assignment of error, Father argues the trial court abused its discretion in finding Father failed to prove his inability to pay his share of Meghan's college freshman year

expenses.

**{¶ 24}** As an initial matter, we note that Father was found to be in civil contempt for his failure to pay his support obligations. "The distinction between civil and criminal contempt depends upon the character and purpose of the sanctions imposed." *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013, ¶ 38. Where the sanctions imposed are primarily for reasons benefiting the complainant and are remedial and coercive in nature, the contempt is civil in nature. *Id.* at ¶ 39. "Prison sentences imposed as punishment for civil contempt are conditional, and the contemnor is said to carry the keys of his prison in his own pocket due to the fact that his compliance with the court order secures his freedom." *Whittington v. Whittington*, 12th Dist. Warren No. CA2011-06-065, 2012-Ohio-1682, ¶ 23. A trial court's finding of civil contempt will not be disturbed on appeal absent an abuse of discretion. *Dimitriou v. Dimitriou*, 12th Dist. Warren No. CA2011-11-119, 2012-Ohio-4773, ¶ 13.

**{¶ 25}** The record reveals that Father complied with the trial court's purge conditions and purged himself of the contempt charge. On May 19, 2016, the trial court issued the following entry: "The Defendant was found in contempt in the Magistrate's Decision dated March 1, 2016. This matter is set for a Final Sentencing and Purge hearing on May 19, 2016 at 9:00 a.m. *The Defendant, Michael Ganaway, has completed everything necessary to purge his contempt.* The hearing on May 19, 2016 at 9:00 a.m. is hereby vacated." (Emphasis added.)

**{¶ 26}** An appeal from a finding of contempt becomes moot when the offender either purges himself of the contempt or serves the sentence. *Dreisilker v. Carrelli*, 12th Dist. Warren No. CA2015-06-052, 2016-Ohio-342, ¶ 15; *see also Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, ¶ 22 (if Dashing Pacific had avoided the sanction by purging the contempt, then it would have rendered its appeal

moot). Such a holding stems from the general rule that satisfaction of a judgment strips a party of the right to appeal. *Grundey v. Grundey*, 10th Dist. Franklin No. 13AP-224, 2014-Ohio-91, ¶ 20. Because an appellate court must decide only actual controversies, it may not decide contempt appeals once the contemnor has purged the contempt. *Id.*

{¶ 27} Because Father complied with the trial court's purge conditions, thereby purging himself of the contempt charge, we find that Father's appeal of the magistrate's contempt finding is moot. Consequently, Father's second and third assignments of error are moot and we need not address the issues on their merits. *Pagliaro v. Pagliaro*, 12th Dist. Clermont No. CA93-02-014, 1993 Ohio App. LEXIS 4074, *6-7 (Aug. 23, 1993).

{¶ 28} Assignment of Error No. 4:

{¶ 29} THE DEFENDANT WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 30} Father argues he received ineffective assistance of counsel because trial counsel should have "called to the [trial] court's attention that it was an error to call the [magistrate's discovery] ruling a decision" and not an order, "should have been more diligent in getting opposing counsel discovery," and failed to file "any substantial objection and requesting transcript for the Magistrate's March 1, 2016 [contempt] decision."

{¶ 31} Given our resolution of Father's second and third assignments of error, his fourth assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶ 32} Appeal dismissed.

HENDRICKSON, P.J. and RINGLAND, J., concur.