[Cite as *Noonan v. Noonan*, 2018-Ohio-2435.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| ANDREA NOONAN, | : | |
| Plaintiff, | : | CASE NO. CA2018-02-018 |
| and | : | O P I N I O N<br>6/25/2018 |
| WARREN COUNTY CHILD SUPPORT<br>ENFORCEMENT AGENCY, | : | |
| | : | |
| Appellee, | : | |
| - vs - | : | |
| | : | |
| WILLIAM NOONAN, | : | |
| Defendant-Appellant. | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 13DR36603

David P. Fornshell, Warren County Prosecutor, Jennifer Nicholson, 520 Justice Drive, Lebanon, OH 45036, for appellee, Warren County Child Support Enforcement Agency

Cornetet, Meyer, Rush & Stapleton, Karen P. Meyer, 123 Boggs Lane, Cincinnati, OH 45246, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, William Noonan ("Noonan"), appeals from the decision

of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in

contempt for failing to pay current child support, child support arrearages, and spousal support to plaintiff, Andrea Noonan.[1]  For the reasons outlined below, we affirm.

**{¶ 2}** On January 2, 2014, after being married for nearly two decades, Noonan and Andrea were divorced.  As a part of their divorce, Noonan was ordered to pay child support and spousal support.  Approximately one year later, on January 12, 2015, the trial court found Noonan in default on his support obligations and ordered Noonan to pay an additional amount in arrears until the arrearages were paid in full.  Later that year, on September 10, 2015, Noonan was found in contempt for failing to timely and fully pay his support obligations, which at that time were approximately $32,000 in arrears.

**{¶ 3}** On October 7, 2016, an agreed entry was filed with the trial court reducing Noonan's child support obligation.  Nevertheless, the record indicates Noonan did not make any payments on his support obligations in November and December of 2016.  As a result, on December 20, 2016, appellee, the Warren County Child Support Enforcement Agency ("WCCSEA"), filed a motion for contempt with the trial court alleging Noonan had failed to pay current child support, child support arrearages, and spousal support as ordered by the trial court.

**{¶ 4}** The trial court scheduled a hearing on the matter before a magistrate on January 30, 2017.  At Noonan's request, the trial court rescheduled the hearing for April 24, 2017 so that the magistrate could "review the results of the parties' private motion to terminate spousal support."  Neither Noonan nor his trial counsel appeared at the April 24, 2017 hearing, thus prompting the trial court to reschedule the hearing for June 26, 2017.  However, when Noonan again failed to appear at the June 26, 2017 hearing, the trial court again rescheduled the hearing for August 28, 2017.  The parties appeared at the August

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

28, 2017 hearing, a hearing that was then continued in progress until November 13, 2017 so that the magistrate could "continue reviewing [Noonan's] payment history." In the meantime, so as to not generate further arrearages, the magistrate ordered Noonan to "pay his monthly obligation in full and on time, and make an additional payment of $1,500 prior to November 13, 2017."

{¶ 5} On November 13, 2017, the parties appeared before the magistrate to complete the hearing on WCCSEA's motion for contempt. At this hearing, while evidence was presented indicating Noonan had made some payments towards his support obligations in August, September, and October of 2017, including the additional $1,500 payment towards his arrearages as ordered by the magistrate following the August 28, 2017 hearing, the evidence indicated Noonan was still nearly $49,000 in arrears. The magistrate therefore granted WCCSEA's motion finding Noonan in contempt for failing to pay current child support, child support arrearages, and spousal support as ordered by the trial court. In so holding, the magistrate stated:

> [Y]ou don't get a $48,805 balance by paying child support and spousal support on time and in full. I mean, that's his arrearage at this point in time. We have given him, I feel like [WCCSEA] – I put this off. I mean, this was filed back [on] December 20, 2016, you know, a little over, almost a year that this contempt was filed against him. He was well aware of what he had to do. You know, I don't understand why he just has this desire or whatever you want to term it, that [Noonan], that you just don't want to pay on your spousal support arrearage. I don't understand what it is or why you don't, I don't understand. So, I am going to find you in contempt.

{¶ 6} Without any objection from Noonan, WCCSEA then noted "for the record so that [Noonan] is aware, the contempt period is prior to December 20, 2016. * * * He's being found in contempt for his payment history prior to December of 2016." Again, without any objection from Noonan, the magistrate recommended Noonan be sentenced to 50 days in jail, a sentence the magistrate found Noonan could purge by making his upcoming child

support payments in full and on time and by making and additional $4,000 payment towards his arrearages to WCCSEA by 1:30 p.m. on March 15, 2018. Later that day, the magistrate issued a written decision confirming the same.

{¶ 7} On November 27, 2017, Noonan filed an objection to the magistrate's decision claiming the magistrate erred by finding him in contempt since he had paid his support obligations on time and in full for the months of August, September, and October of 2017. Shortly thereafter, on December 12, 2017, Noonan filed a memorandum outlining the payments he made towards his support obligations in August, September, and October of 2017, including the fact that he had contributed an additional $1,500 towards his arrears as ordered by the magistrate following the August 28, 2017 hearing. Noonan, however, made no reference to the fact that he had not paid his support obligations prior to when WCCSEA filed its motion for contempt on December 20, 2016. As noted above, the record is clear that Noonan was found in contempt for his failure to pay current child support, child support arrearages, and spousal support prior to WCCSEA's December 20, 2016 motion for contempt, and not just August, September, and October of 2017 as Noonan suggests.

{¶ 8} On January 4, 2018, the trial court issued a decision and entry overruling Noonan's objection to the magistrate's decision. In so holding, the trial court noted that WCCSEA's motion for contempt related to the support payments Noonan was required to make prior to when the motion was filed on December 20, 2016; specifically, October of 2015 through November of 2016, not August, September, and October of 2017. As a result, since Noonan referred to "irrelevant months where he made payments," the trial court overruled Noonan's objection to the magistrate's decision. The trial court found the same to be true regarding Noonan's claim that he should not be found in contempt because WCCSEA failed to timely credit his payments to his account upon finding "[t]his is no longer relevant since [Noonan] focuses on the incorrect time period."

- 4 -

{¶ 9} Noonan now appeals from the trial court's decision, raising two assignments of error for review. For ease of discussion, Noonan's two assignments of error will be addressed together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY FINDING APPELLANT IN CONTEMPT FOR FAILURE TO PAY SUPPORT ACCORDING TO THE COURT'S ORDER.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY FAILING TO SHOW AN ALLOCATION OF APPELLANT'S PAYMENT OF $1,500.00.

{¶ 14} In his two assignments of error, Noonan argues the trial court erred by granting WCCSEA's motion finding him in contempt. We disagree.

{¶ 15} Noonan was found to be in civil contempt for his failure to pay his child and spousal support obligations. "The distinction between civil and criminal contempt depends upon the character and purpose of the sanctions imposed." *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013, ¶ 38. Where the sanctions imposed are primarily for reasons benefiting the complainant and are remedial and coercive in nature, the contempt is civil in nature. *Ganaway v. Ganaway*, 12th Dist. Warren No. CA2016-05-039, 2017-Ohio-1009, ¶ 24, citing *id.* at ¶ 39. "Prison sentences imposed as punishment for civil contempt are conditional, and the contemnor is said to carry the keys of his prison in his own pocket due to the fact that his compliance with the court order secures his freedom." *Whittington v. Whittington*, 12th Dist. Warren No. CA2011-06-065, 2012-Ohio-1682, ¶ 23. A trial court's finding of civil contempt will not be disturbed on appeal absent an abuse of discretion. *Dimitriou v. Dimitriou*, 12th Dist. Warren No. CA2011-11-119, 2012-Ohio-4773, ¶ 13.

{¶ 16} In support of his appeal, Noonan argues several points that do nothing more

than confuse this otherwise straightforward action for contempt filed by WCCSEA on December 20, 2016 resulting from Noonan's failure to pay current child support, child support arrearages, and spousal support as ordered by the trial court. For instance, although Noonan claims otherwise, the record clearly indicates WCCSEA's motion for contempt related to the support payments Noonan was required to make prior to when the motion was filed on December 20, 2016; specifically, October of 2015 through November of 2016, not August, September, and October of 2017 as Noonan suggests. Just as the trial court found, except for purposes of mitigation, what occurred *after* WCCSEA filed its motion for contempt is irrelevant to whether Noonan could be found in contempt for his actions *before* the motion was filed. There is nothing confusing about the trial court's order, nor is there anything confusing on how Noonan could purge the contempt. Noonan's argument to the contrary is simply incorrect.

{¶ 17} "To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order." *Cox v. Cox*, 12th Dist. Warren No. CA2016-05-040, 2017-Ohio-1010, ¶ 24, citing *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. In this case, considering Noonan amassed nearly $49,000 in arrears, $17,000 more than when the first time Noonan was found in contempt on September 10, 2015, the record fully supports the trial court's decision finding Noonan in contempt for failing to pay current child support, child support arrearages, and spousal support as ordered. Noonan has provided no evidence to refute the trial court's finding, nor has this court's review of the record revealed any evidence that would call into question the trial court's decision. "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. That is exactly what occurred here. Therefore, finding no merit to either of Noonan's two assignments of

error, they are hereby overruled.

**{¶ 18}** Judgment affirmed.

RINGLAND and PIPER, JJ., concur.