[Cite as *Smith v. Smith*, 2019-Ohio-114.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cornelius Smith, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-190 |
| v. | : | (C.P.C. No. 10DR-003908) |
| Shanika Smith, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 15, 2019

**On brief:** *Shanika Smith,* pro se. **Argued:** *Shanika Smith.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} Defendant-appellant, Shanika Smith,[1] appeals a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, entered on February 27, 2018. The trial court's decision granted the joint request of Shanika and her former husband, plaintiff-appellee, Cornelius Smith, that the trial court approve and adopt as its order the December 12, 2017 memorandum of agreement signed by Shanika and Cornelius. For the following reasons, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Shanika and Cornelius are the divorced biological parents of two minor children. On September 12, 2011, the trial court entered into the record a divorce decree and a shared parenting decree, both of which were signed by all parties.

---

[1] As the parties share a last name, for the sake of clarity we refer to them by first name, not intending informality or some inferred personal favoritism.

{¶ 3}   On October 28, 2016, Shanika filed with the trial court a motion for an order modifying the parental rights and responsibilities and terminating the parties' shared parenting plan.  The motion was heard by the trial court's magistrate on March 10, 2017, at which time the parties requested and received a continuance on the issue of child support. On March 10, 2017, the magistrate issued, and the parties signed, an agreed magistrate's order terminating the parties' September 12, 2011 shared parenting plan and modifying their parental rights and responsibilities.  The magistrate's order referenced the parties' agreement to defer the issue of child support, stipulating that the child support calculation was to be either included in the final agreed entry submitted to the court or determined by court order.  The magistrate's order directed the parties to exchange appropriate financial information needed to calculate the child support.

{¶ 4}   The matter came before the trial court's magistrate again on December 12, 2017.  The record before us includes the 12-page memorandum of agreement the parties and their legal counsel signed that date, indicating the parties had reached an agreement resolving all issues and requesting the trial court to approve and adopt their agreements as the court's order.  The memorandum's signature page contains the following handwritten statement immediately below the magistrate's signature: "Acknowledged by Mother in open Court on 12/12/17. All paperwork shall be submitted to the court on or before 1/12/18. (AJE & W/H Order)."  (Dec. 12, 2017 Memo. in Agreement at 11.)  In addition, the parties and/or their counsel initialed a handwritten single-page document, which appears to be part of the parties' agreement, and which stated in pertinent part:

> [Cornelius] shall owe 5,672.64 as retroactive child support effective as of November 1, 2017.  He shall liquidate this amount by paying $1,000 in a lump sum on or before January 12, 2018 and shall liquidate the remainder at the rate of $125.00/mo beginning January 1 2018.

*Id.* at 12.

{¶ 5}   Also on December 12, 2017, the magistrate issued an agreed magistrate's order setting forth the following:

> The memorandum of agreement signed today shall become an order of the court.  Counsel for [Cornelius] shall prepair [sic] a typewritten order for both parties to sign, however *if one party fails to sign, the court shall approve an entry that corresponds*

*to the memorandum of agreement.*  Counsel for [Cornelius] represents he has authority to sign on behalf of [Cornelius].

(Emphasis added.) (Dec. 12, 2017 Agreed Mag.'s Order at 1.)

{¶ 6}   It appears from the record that the typewritten order was submitted in the form of an agreed judgment entry to the trial court on or about January 5, 2018.  The entry was signed by Cornelius and his counsel but was not signed by either Shanika or her counsel.  On February 27, 2018, consistent with the agreed magistrate's order of December 12, 2017, the trial court approved and adopted as the trial court's order the agreed judgment entry memorializing the parties' December 12, 2017 memorandum of agreement.

{¶ 7}   Shanika, acting pro se, filed this notice of appeal on March 16, 2018 and filed her brief with this Court on April 18, 2018.  Shanika did not file with this Court a transcript of either the March 10, or December 12, 2017 hearing.

## II. ASSIGNMENT OF ERROR

{¶ 8}   Shanika presents a single assignment of error for our review:

The Courts Approve an Entry without my Signature.

(Sic passim.)

{¶ 9}   In her brief, Shanika focuses exclusively on child support issues. Her "Statement of The Issues" consists of the following three phrases:

I. The Retroactive child support.

II. The Accuracy of the child support worksheet.

III. The cost of Transportation when the children travel to see there [sic] Father.

(Shanika's Brief at 6.)  The "Law and Argument" section of Shanika's brief consists of the following statements:

The primary issue on appeal is Making sure the child support worksheet calculation are accurate and receiving all Retroactive child support from date of filing 10-28-16 – 11-1-17.

The order of the court that both parents split the cost when the children travel to see there Father.

(Sic passim.) *Id.* at 8.  Shanika concludes her brief with the request that the trial court's judgment be reversed and the matter remanded for trial on the merits.

## III.  DISCUSSION

{¶ 10}  Civ.R. 53(D)(2)(b) provides "[a]ny party may file a motion with the court to set aside a magistrate's order.  The motion * * * shall be filed not later than ten days after the magistrate's order is filed." Ohio courts have held that if a party does not move to set aside a magistrate's order, that party has waived a challenge to that order on appeal.  *See, e.g., Ganaway v. Ganaway,* 12th Dist. No.  CA2016-05-039, 2017-Ohio-1009, ¶ 18 ("[Appellant] failed to file a motion to set aside the magistrate's * * * discovery ruling as required under Civ.R. 53(D)(2)(b), and his failure to do so results in a forfeiture of this issue on appeal."); *Laser v. Laser*, 6th Dist. No. L-12-1263, 2013-Ohio-3853, ¶ 9 ("Appellant did not file her motion until April 27, 2012, four days late. As a result, appellant waived her right to argue the merits of the order on appeal."); *O'Brien v. O'Brien,* 8th Dist. No. 98336, 2012-Ohio-5185, ¶ 8 ("The motion to set aside the magistrate's order was untimely [by four days] and precludes [appellant] from arguing on appeal that the court erred by refusing to set aside the magistrate's order."); *Nagel v. Nagel,* 9th Dist. No. 09CA009704, 2010-Ohio-3942, ¶ 26, *appeal not accepted,* 127 Ohio St.3d 1486, 2010-Ohio-6371 ("Having failed to timely move the trial court to set aside the magistrate's order, [appellant] has forfeited this argument for purposes of appeal.").

{¶ 11}  Here, the magistrate's order regarding the preparation and filing of the final agreed entry was filed on December 12, 2017.  Therefore, any motion to set aside was due no later than December 22, 2017. Shanika did not file a motion to set aside the order.[2]  As a result, Shanika waived her right to argue the merits of the order—including the issues of child support addressed by the order—on appeal.

{¶ 12}  Also problematic to Shanika's prosecution of her appeal is the fact that she did not file with either the trial court or this Court a transcript of the December 12, 2017 hearing before the magistrate.  With respect to this Court's review, we have stated " ' "[t]he duty to provide a transcript for appellate review falls upon the appellant.  This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10,

---

[2] Further, the trial court record contains no filing from Shanika that would constitute any form of challenge, objection, or request for relief from judgment as to any portion of either the magistrate's order of December 12, 2017, or the agreed judgment entry that was submitted to the trial court on or about January 5, 2018 without Shanika's signature.

quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 13} Without a transcript, "this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus. Under these circumstances, we cannot substitute our judgment for that of the trial court, presume evidence not offered, or facts not proved. Without a transcript, we must presume the regularity of the trial court's proceedings and affirm its judgment on appellate review. *Id.*

{¶ 14} Without a transcript, Shanika cannot establish a factual or legal basis that supports her contention that the trial court erred. Even if we were to conduct a plain error review—which Shanika did not request—we would find none. Rather, we would find Shanika is unable to demonstrate the magistrate or trial court committed plain error.

{¶ 15} The trial court record does not indicate the magistrate or trial court committed plain error or that the trial court abused its discretion in adopting the agreed entry consistent with the agreed magistrate's order of December 12, 2017. Shanika's brief does not provide us with legal errors for review that would or could support any conclusion other than that reached by the trial court and its magistrate.

## IV. CONCLUSION

{¶ 16} Under these circumstances, having thoroughly reviewed the entire record we must conclude there was no error in the trial court's decision. Accordingly, Shanika Smith's assignment of error is overruled, and the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____